UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT GRUNDSTEIN, ESQ., | ) | CASE NO. 1:09 CV 0031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| STATE OF OHIO, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On January 7, 2009, pro se plaintiff Robert Grundstein filed a "Complaint/Motion; TRO" listing the State of Ohio, former Ohio Attorney General James Petro, Assistant Attorney General Frank Stigari, the City of North Royalton, and City Prosecutor Joseph O'Malley as defendants.[1] Mr. Grundstein requests that this Court enjoin the Parma Municipal Court from pursuing probation violation charges against him.

**Background**

Since December 2007, Mr. Grundstein has had several criminal actions brought against him in Ohio Municipal Courts. Mr. Grundstein, who is a resident of Eden Mills, Vermont,

---

[1] Joseph O'Malley is no relation to the undersigned.

owns a condominium in North Royalton, Ohio. The association which manages the condominium complex employs Debra Kuhn to perform services not described in the complaint. Criminal charges of aggravated menacing and telecommunications harassment were filed by Chagrin Falls, Ohio authorities against Mr. Grundstein on December 21, 2007. Ms. Kuhn was the alleged victim of these crimes. The matter was scheduled for trial in the Bedford Municipal Court, which has jurisdiction over criminal cases filed in Chagrin Falls. Mr. Grundstein does not elaborate on these criminal proceedings, except to say that the charges were dismissed on February 19, 2008.

Four months later, North Royalton authorities filed charges of menacing and telephone harassment against Mr. Grundstein in the Parma Municipal Court. Mr. Grundstein claims these charges arise from the same incident that was the subject of his prosecution by Chagrin Falls authorities. Pursuant to a plea agreement with the city prosecutor, Mr. Grundstein pled "no contest" to the charges. He was sentenced on October 27, 2008 to 30 days in jail, which was suspended upon successful completion of a probation period. Upon accepting his plea, the Judge verbally admonished Mr. Grundstein to avoid having any contact with Ms. Kuhn. Mr. Grundstein alleges that this statement was not memorialized in the court's journal entry.

After returning to Vermont, Mr. Grundstein sent a letter on November 5, 2008 to Ms. Kuhn's supervisor, Linda Giordano, at the condominium association demanding Ms. Kuhn's termination from her employment. In the letter, he states, "Get rid of that fat, incompetent, Kuhn, and run the condo in an intelligent and honest manner." (Pl. TRO Affidavit, Ex. 3) Further down in the text of the letter, he again demands:

> Get Rid of Kuhn. There is no provision in the bylaws for her
> position, we have a treasurer, she doesn't know utility hedging or
> anything else besides bookkeeping and I heard Fred Agresta came to

2

> Cleveland to remove her power of attorney because she failed him. Bookkeeping costs about $200.00 per month.
>
> She's a slob with high school credentials you hired to do YOUR responsibilities... .

(Pl. TRO Affidavit, Ex. 3). Mr. Grundstein's probation officer considered the letter to be a violation of the Judge's admonishment to have no contact with the victim. She sent a notice to Mr. Grundstein on November 20, 2008 informing him he had been charged with violating the terms of his probation. A probation revocation hearing is scheduled for January 12, 2009.

Mr. Grundstein asks this court to enjoin the state court from proceeding with the probation violation hearing. He first attacks the merits of the probation violation charge claiming that he had a right as a property owner to contact the administrator of the condominium complex. He also claims he cannot be guilty of the probation violation because the Judge's sentencing order did not include a "no contact" provision. He states that if the charges underlying the probation violation are meritless, any attempt to secure his arrest for those charges will be a violation of his Fourth Amendment rights. Mr. Grundstein then challenges the municipal court's authority to serve him with a summons by mail in Vermont. He claims Ohio's long arm statute does not extend to the service of summons by mail. He requests that this Court intervene in the state court proceedings, make rulings on matters of state law, and enjoin the state court from continuing with the probation violation hearing.

**Analysis**

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid

3

of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

This Court cannot intervene in the state court probation violation proceedings. A federal court must decline to interfere with pending state actions involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the "Complaint/Motion" are clearly the subject of a state court criminal matter. Criminal proceedings are of paramount state interest. See Younger, 401 U.S. at 44-45. Furthermore, Mr. Grundstein has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. There is nothing in the "Complaint/Motion" which suggests that extraordinary circumstances are present. Consequently, this Court is required to abstain from intervening in the Parma Municipal Court's proceedings.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C.

§1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


                                       s/ Kathleen M. O'Malley
                                       KATHLEEN M. O'MALLEY
                                       UNITED STATES DISTRICT JUDGE

DATED:  January 9, 2009

---

[2]     28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.